UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND,

COMPLAINT

                Plaintiffs,

08 CV 1083

-against-

A & A MAINTENANCE ENTERPRISE, INC.
d/b/a A & A MAINTENANCE,
                Defendant.
------------------------------------------------------------X

JUDGE BRIEANT

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund") and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for their Complaint against A & A Maintenance Enterprises, Inc. d/b/a A & A Maintenance ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "E.R.I.S.A.") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pre-paid legal services benefit fund and an employee training,

scholarship and safety benefit fund for injunctive and other equitable relief under E.R.I.S.A. and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds and to permit and cooperate in the conduct of audits of the books and records of Defendant and as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their designated representatives. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and E.R.I.S.A.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of E.R.I.S.A. (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust

Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, and pre-paid legal services and training, scholarship and safety benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit New York corporation doing business in various states of the United States, including the States of New York, Florida and New Jersey, as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a number

of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the units set forth in the Agreements with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT )

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8. Pursuant to the Agreements, there became due and owing to the Funds from Defendant benefit contributions for the period from October 2002 to date.

9. The Defendant has fallen delinquent in its monthly contributions owed to the Funds and since August 2007 none of the contributions contractually due to the Funds has been paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the amount of $970,610.67 in principal.

10. The failure, refusal or neglect of Defendant to make the required contributions to the Funds constitutes a violation of the Agreements between Defendant and the Union with respect to which the Funds are third-party beneficiaries.

11. Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due for the period set forth above, plus such other or further amounts as will be found due and owing pursuant to a further audit of Defendants' books and records for the period October 1, 2002 to date, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant. Defendant is further liable to the Funds

for contractual damages, including interest, liquidated damages and attorneys fees, on the unpaid principal.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF E.R.I.S.A. OBLIGATIONS BY DEFENDANT)

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Section 515 of E.R.I.S.A. (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of E.R.I.S.A. (29 U.S.C. § 1145).

15. Section 502 of E.R.I.S.A. (29 U.S.C. § 1132) provides that, upon a finding of an employee violation of Section 515 of E.R.I.S.A. (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANT TO PERMIT AN AUDIT OF DEFENDANT'S BOOKS AND RECORDS)

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. Defendant is obligated, pursuant to the terms of the Agreements, to permit and cooperate in the conduct of audits of the books and records of Defendant by the Funds.

19. Accordingly, pursuant to the terms and conditions of the Agreements, the Funds demand an order directing Defendant to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT)

20. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. Pursuant to the terms and conditions of the Agreements, Defendant is required to timely pay benefit contributions and submit reports to the Funds, and permit and cooperate in the conduct of audits of Defendant's books and records, for so long as Defendant remains obligated to do so pursuant to the Agreements.

22. Upon information and belief, Defendant has failed to timely pay and/or submit benefit contributions to the Funds and is currently in breach of its obligations under the Agreements. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreements.

23. The Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreements.

24. As a result of Defendant's omissions and breaches of contract and violations of E.R.I.S.A., the Funds may be required to (a) deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plans, notwithstanding Defendant's failure to make its required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

25. The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Agreements.

26. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of the Agreements.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
**(FUNDS' CLAIM FOR INJUNCTIVE RELIEF**
**PURSUANT TO E.R.I.S.A. AGAINST DEFENDANT)**

27. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Pursuant to the provisions of E.R.I.S.A. and the Agreements, Defendant is required to timely pay and submit benefit contributions and/or reports to the Funds and permit and cooperate in the conduct of audits of Defendant's books and records, for so long as Defendant remains obligated to do so pursuant to the Agreements.

29. Upon information and belief, Defendant has failed to timely pay and/or submit benefit contributions to the Funds, and is currently in breach of its statutory obligations under E.R.I.S.A. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

30. The Funds have no adequate remedy at law to insure that Defendant will continue to adhere to its statutory obligations.

31. As a result of Defendant's omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plans, notwithstanding Defendant's failure to make its required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

32. The Funds will suffer immediate and irreparable injury unless Defendant its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to

E.R.I.S.A.

33. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendant its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating E.R.I.S.A. by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of Agreements.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions in the amount of $970,610.67 for the period beginning October 1, 2002 to date.

b. against Defendant for payment of all contributions which become due during the pendency of this action in accordance with E.R.I.S.A § 502(g)(2);

c. against Defendant for accrued prejudgment interest on all contributions in accordance with E.R.I.S.A § 502 (g)(2);

d. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2);

e. against Defendant for payment of all contributions which become due during the pendency of this action in accordance with the Agreements;

f. against Defendant for accrued prejudgment interest on all contributions in accordance with the Agreements;

g. against Defendant for contractual damages on all contributions now due and which

accrue during the pendency of this action, including, reasonable attorneys' fees and costs and disbursements in accordance with the Agreements;

  h. for an Order requiring Defendant to permit and cooperate in the conduct of an audit of the books and records of Defendant, for the period October 1, 2002 to date, by the Funds;

  i. for an Order permanently enjoining Defendant its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with applicable Agreements;

  j. for an Order permanently enjoining Defendant its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as Defendant remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with E.R.I.S.A and the applicable Agreements;

  k. for such other and further relief as the Court deems just and proper.

Dated: New York, New York
    January 28, 2008

                RAAB, STURM, GOLDMAN & GANCHROW, LLP

                By: _____
                   Ira A. Sturm (IS-2042)
                   *Attorneys for Plaintiffs Funds*
                   317 Madison Avenue, Suite 1708
                   New York, New York 10017
                   (Tel.) 212-683-6699
                   (Fax) 212-779-8596